**Date signed April 21, 2004**



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| BETTY IRENE FRENCH, | * | Case No. 00-6-3163-JS |
| Debtor | * | Chapter 7 |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| GEORGE W. LIEBMANN, | * | |
| Trustee | * | Adv. Pro. No. 02-5757-JS |
| v. | * | |
| RANDY LEE FRENCH and DONNA MARIE SHAKA, | * | |
| Defendants | * | |

* * * * * * * * * * * * *

***MEMORANDUM OPINION GRANTING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND AVOIDING FRAUDULENT TRANSFER***

On February 11, 2004, the trustee's motion for summary judgment came on for hearing. For the reasons set forth, the motion will be granted.

## *FINDINGS OF FACT*

On July 13, 1999, the Peninsula Bank ("Bank") obtained a judgment in the amount of $397,425.10, against Betty Irene French ("debtor") in the Circuit Court for Wicomico County, Maryland. On October 20, 2000, the Bank filed the instant involuntary Chapter 7 bankruptcy petition in this Court against the debtor. On January 29, 2001, an order for relief was entered. On February 11, 2001, the debtor filed her schedules under penalty of perjury and swore that her assets had not diminished significantly during the year before the petition was filed.[1]

On August 22, 2002, George W. Liebmann, the Chapter 7 trustee, filed the instant complaint to avoid and recover an alleged fraudulent transfer of real property[2] in the Bahama Islands, made by the debtor to her son and daughter, the defendants Randy French ("Randy") and Donna Shaka ("Donna"), for no consideration within one year of the filing of the petition. The verified complaint alleged that the debtor did not

---

[1] In the debtor's Statement of Financial Affairs [P. 24], she stated under penalty of perjury that during one year before bankruptcy she made no payments to insiders, she suffered no losses from fire, theft, other casualty or gambling, no garnishment or seizure of assets, no repossession of assets or returns, that she made no large gifts or charitable contributions and no transfers of assets outside the ordinary course.

[2] The property was identified in the complaint as "Lot No. 5 of the subdivision called and known as Love Estates in the Bambier District of the City of Nassau on the Island of New Providence, one of the islands of the Commonwealth of the Bahamas." Complaint, ¶ 11.

list the property in her schedules or disclose its existence in her Statement of Financial Affairs. It further alleged that the property was purchased by the debtor and titled in her name by deed dated November 11, 1976, and recorded in the Bahamas; and that she transferred the property to the defendants by deed dated December 25, 1981, but that the deed was not recorded among the Bahamian land records until June 21, 2000.[3]

The trustee also filed a motion [P. 2] for temporary restraining order ("TRO"), which this Court granted by order [P. 3] entered August 26, 2002. The TRO prohibited the defendants from transferring or encumbering the Bahamian property for a period of ten days. On September 4, 2002, Judge E. Stephen Derby granted the plaintiff's request for a preliminary injunction [P. 7].

***CONCLUSIONS OF LAW***

Summary judgment is appropriate when (1) the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact; and 2) the moving party is entitled to judgment as a matter of law. In determining the facts for summary judgment purposes, the Court may rely upon affidavits made with personal knowledge that set forth specific facts otherwise

---

[3]The Court has previously determined that the instant complaint to recover property of the estate located in the Bahamas does not implicate an extraterritorial application of the Bankruptcy Code. *Liebmann v. French (In re French),* 303 B.R. 774 (Bankr. D. Md. 2003).

admissible in evidence and sworn or certified copies of papers attached to such affidavits.  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Bailey v. Blue Cross & Blue Shield of Virginia*, 67 F.2d 53, 56 (4th Cir. 1995); *Miller v. FDIC*, 906 F.2d 972, 973 (4th Cir. 1990).  Permissible inferences to be drawn from the underlying facts are viewed in the light most favorable to the nonmoving party.  *Miller*, 906 F.2d at 973-74 (4th Cir. 1990) (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 206 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 553 (1986)).  In the instant case, all of the facts and inferences therefrom have been construed in a light most favorable to the defendants.

The undisputed facts here present qualify this transfer as constructively fraudulent.  11 U.S.C. § 548(a)(1)(B).[4]  In order to obtain summary judgment on the

---

[4]Section 548(a)(1)(B) provides as follows:

**§ 548. Fraudulent transfers and obligations.**

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of filing of the petition if the debtor voluntarily or involuntarily –

\*          \*          \*          \*          \*

(B)(I) received less than a reasonable equivalent value in exchange for such transfer or obligation;

complaint, the trustee must demonstrate without dispute that the transfer of the subject property was made within one year of the filing of the debtor's bankruptcy petition for less than reasonably equivalent value while the debtor was insolvent. *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 535, 114 S. Ct. 1757, 1760, 128 L. Ed. 2d 556 (1994); *Tavenner v. Smoot,* 257 F.3d 401, 408-09 (4th Cir. 2001); *Harman v. First American Bank of Maryland (In re Jeffrey Bigelow Design Group, Inc.),* 956 F.2d 479, 484-85 (4th Cir. 1992); *Koch v. Rogers (In re Broumas),* 203 B.R. 385, 393 (D. Md. 1996). Constructive fraud does not require proof of actual fraudulent intent. *Balaber-Strauss v. Sixty-Five Brokers (In re Churchill Mortgage Investment Corp.),* 256 B.R. 664, 667 (Bankr. S.D.N.Y. 2000) ("If actual intent to defraud creditors cannot be proved under Section 548(a)(1)(A), a transfer may be avoided under a theory of constructive fraud.").

While the Court accepts the defendants' contention for purposes of ruling on summary judgment that the property was given to the defendants by deed of gift on December 25, 1981, the gift was not a matter of public record until June 21, 2000,

---

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

*Id.*

5

when the deed was recorded. The debtor admitted in her deposition that she continued to visit and reside in the property after she made the gift and that she kept some personal belongings there. Deposition, 14-16, Exhibit 2 of Plaintiff's Ex Parte Motion for Temporary Restraining Order [P. 2].

Section 548(d)(1) of the Bankruptcy Code, which determines when a transfer occurs, provides that a transfer does not take place until it is perfected against a *bona fide* purchaser. In this case, therefore, the transfer occurred on June 21, 2000, when the deed to the property was recorded by the defendants.[5] Because the transfer occurred a mere five months before the debtor's involuntary petition was filed, the transfer occurred within the one year requirement of Section 548(a)(1).

The undisputed facts also demonstrate that the debtor received less than reasonably equivalent value in exchange for the transfer. The debtor acknowledged that the transfer was by deed of gift. Randy also testified to that effect. Donna did not dispute the testimony of the debtor or Randy that the transfer was by deed of gift.

---

[5]"This comports with Section 548(d)(1) of the Bankruptcy Code, which provides that a transfer occurs 'when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.' 11 U.S.C. § 548 (d)(1)." *Liebmann,* 303 B.R. 774, 777 (2003).

Finally, there is no genuine dispute as to the material fact that the debtor was insolvent at the time of the transfer. Her schedules filed under penalty of perjury on February 11, 2001, less than one year after the conveyance took place, clearly demonstrate the fact of her insolvency. They reflect assets totaling $220,950, compared with liabilities of $2,940,175.35 [P.21]. The gross difference between the debtor's assets and liabilities with no reported change of circumstances in the year before bankruptcy leads to the inescapable conclusion that she was insolvent on June 21, 2000, the date of the transfer. "Where a debtor is shown to be insolvent at a date subsequent to a particular transfer and the debtor's condition did not change during the interim period, it is logical and permissible to presume that the debtor was insolvent as the time of the transfer." *Grant v. Davis (In re Damason Constr. Corp.)*, 101 B.R. 775, 778 (Bankr. M.D. Fla. 1989), *citing Foley v. Briden (In re Arrowhead Gardens, Inc.)*, 32 B.R. 296 (Bankr. D. Mass. 1983). The fact is undisputed that the debtor reported that she suffered no diminution of assets during the year prior to bankruptcy. Therefore, the Bank's judgment alone probably rendered her insolvent as early as July 13, 1999, well before the date of transfer.

Because the record supports the finding that the transfer was constructively fraudulent, it is unnecessary to address the other grounds raised in the complaint.

WHEREFORE, the trustee's motion for summary judgment will be GRANTED and the subject transfer will be AVOIDED and RECOVERED by the trustee.

ORDER ACCORDINGLY.

cc: Orbie R. Shively, Esquire
Liebmann and Shively
8 W. Hamilton Street
Baltimore, Maryland  21201
Counsel to the Chapter 7 Trustee

George W. Liebmann, Esquire
Liebmann and Shively
8 W. Hamilton Street
Baltimore, Maryland  21201
Plaintiff and Chapter 7 Trustee

Stanton J. Levinson, Esquire
P.O. Box 1746
Silver Spring, Maryland  20915
Counsel for the Defendants

Randy Lee French
20957 Nanticoke Road
Bivale, Maryland  21814

Donna Marie Shaka
11322 Magnolia Place
Smithfield, Virginia 23430

Betty Irene French
3999 Greenhill Church Road
Quantico, Maryland  21856

Office of the U.S. Trustee
300 West Pratt Street
Suite 350
Baltimore, Maryland 21201